LUCE & CO., *S. en C.*, Petitioner, *v.* MINIMUM WAGE BOARD OF PUERTO RICO, Respondent.

No. 11.  Decided May 31, 1944.

*Hartzell, Kelley & Hartzell* and *J. L. Novas* for appellant. *M. Rodríguez Ramos, Acting Attorney General, Gabriel Guerra-Mondragón,* and *Ismael Soldevila* for respondent. *Philip F. Herrick,* on behalf of the United States of América, as *amicus curiae.*

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In this case Decrees Nos. 2 and 3, promulgated by the Minimum Wage Board of Puerto Rico on February 27, 1943, were annulled. *Luce & Co. v. Minimum Wage Board,* 62 P. R.R. 431. The petitioner alleged that several members of the Board who were absent from the sessions where the evidence supporting said decrees was admitted, participated

in the decision without being acquainted with the evidence on which said decision of the board was based. The case was remanded to the board for further proceedings in conformity with Decree No. 3 in order to determine whether the members of the board who at any time were absent from the hearings, had in effect read the pertinent portions of the record before the issuance of said decree, or otherwise, to have them read such portions. The judgment was made clearer by our order of February 2, 1944 in the case of *Rubert Hermanos, Inc.* v. *Minimum Wage Board*,[1] wherein the following was said:

"To that effect, we order that the cases appealed from be remanded to the board were said controversy[2] should be settled after hearing the evidence which might be offered by the petitioners and the opposing party. If the ruling is adverse to petitioners' contention, the board shall remand the cases to this court in order to dispose of certain matters which we did not deem necessary to consider due to the conclusion we reached as to the nullity of Decree No. 3. Pending the determination of such questions by this court, we shall not modify our decision annulling Decreee No. 3, since it would be of no avail to annul the same and reinstate it later if the resolution concerning said pending questions should require it. If, on the other hand, the ruling of the Board upholds petitioners' contention then, pursuant to our judgment, the members who did not hear the evidence nor read the record, will be given an opportunity to read it and immediately thereafter the board shall render a new decision on which the new decree, substituting Decree No. 3, will be based."

In order to clarify its former decision, as ordered by the court, the board held a hearing at which the parties introduced evidence as to the question in controversy. Based on the merits of said evidence the board rendered a decision holding that the members who had been absent from some

---

[1] The case of Rubert Hermanos, Inc., *supra*, was decided by an opinion of September 23, 1943, rendered in said case.

[2] The controversy therein was whether or not the members of the board who were absent from certain sessions were acquainted with the evidence before rendering the order on which the challenged decrees were based.

of the sessions had in connection with the approval of said decrees, acted with full knowledge of the evidence admitted during their respective absences and were in a position to participate in the decision approving said decrees. The board's decision was grounded on the fact that said members had read the record in full with the exception of a small portion which had not been typed, but said portion was read to them directly from the stenographic notes.

This decision of the board was not contest by any of the petitioners. Accordingly, we shall now consider the only question left for our decision: whether the conditions imposed by decree No. 3 on the sugar industry dealing with minimum wages, maximum working hours, etc., are supported by he evidence introduced before the board.

The decree complained of was unanimously approved by the nine members who at that time composed the board, including Mr. Serrallés, who although he did not sign it because he had to leave hurriedly for the United States, nevertheless concurred in the same.

After considering the evidence introduced before the board, we must hold that the decision on which the decree complained of was based is amply supported by substantial evidence. The study of the experts admitted in evidence tends to show that the wages and labor conditions fixed are fair and that the sugar industry can reasonably pay said wages and work according to the standards fixed.

Considering that the members who were absent from the sessions acted with full knowledge of the evidence, when rendering the decision on which Decree No. 3 was grounded: and it being further considered that the wages fixed and the standards established are fair and are supported by substantial evidence, our former judgment annulling Decree No. 3 will be reconsidered, and the same is hereby held valid.